THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN F. MITCHELL, Relator, *v.* JAMES J. MARTIN and Others, Commissioners of Police, etc., Respondents.

*Dismissal of a police officer for absence without leave — sufficient excuse therefor.*

The fact that a member of the police force of the city of New York was absent without leave for eight days, where such absence was neither voluntary, conscious nor blamable, and where he was laboring at the time of such absence under a temporary aberration of mind, is not sufficient to justify his dismissal from the police force.

CERTIORARI issued out of the Supreme Court and attested on the 23d day of April, 1894, directed to James J. Martin, John C. McClave, Charles F. McLean and John C. Sheehan, composing the board of police of the police department of the city of New York, commanding them to certify and return all the records, evidence, papers, documents and proceedings concerning their action and determination in dismissing the relator from the service of said department.

*Edmund E. Mooney*, for the relator.

*W. A. Sweetzer*, for the respondents.

VAN BRUNT, P. J.:

There were two charges preferred against the relator: *First*, absence without leave ; and, *second*, failing to appear against a prisoner. The testimony taken in support of both charges was the same and arose out of the same incidents. The relator admitted the absence without leave, but attempted to justify the same upon the ground that his absence was neither conscious, voluntary nor blam-

able, he laboring under a temporary aberration of mind. The testimony which was offered before the police commissioners was all favorable to the claims sought to be established by the relator. Patrolmen were examined. They testified to noticing the unusual condition of the relator for some time prior to his disappearance. They also all concurred that there was no evidence of intoxication, and there is no proof whatever that the relator was at all addicted to the use of intoxicating drinks. It is true that he disappeared and was absent for eight days, and that he came home undoubtedly in a sick condition and was attended by his physician, who testified that he was laboring under a temporary aberration of mind. It is true that he recovered, as it is claimed upon the part of the respondents, with great rapidity; but it is a familiar fact in reference to diseases of the mind that they come suddenly and frequently disappear as suddenly.

It is claimed upon the part of the respondents that the probabilities are that the absence of the relator was due to an extended spree — to intoxication; but there is not the slightest particle of evidence to sustain any such proposition. And the counsel has the temerity to assert in his brief that, as it is the rule, when a policeman or patrolman is absent without leave for sickness, to send for a police surgeon, it is a suspicious circumstance, and that the relator had some motive and acted in conjunction with his family or family physician in concealing his true condition, or his condition, whatever it might have been, from the relator's superior officer. This assertion is made in the face of the fact which appears upon the record that the sending for a police surgeon was immediately suggested by the doctor, and that on the morning of his return the wife of the relator went to the station house and reported his condition, and that no police surgeon was sent to him because the police authorities were of the opinion that, having been absent without leave for five days, he had ceased to be a member of the force, and they had nothing further to do with him. Certainly the family of the relator took all the means within their power to procure the attendance of a police surgeon, and to enable the authorities at the earliest possible moment to ascertain the condition of the relator. It is difficult to see, under such circumstances, how counsel could make the assertion that it was a suspicious circumstance that the relator did not

send for a police surgeon. It is true that one of the police surgeons testified that there were certain suspicious circumstances in respect to the evidence offered in behalf of the relator and in respect to the description of his demeanor. But it cannot be that upon mere theory the positive evidence tending to show an excuse for this absence of the relator can be utterly disregarded. If the police department are not in possession of the evidence of one of their own officials who could testify from a personal examination of this relator as to his condition almost immediately after his return, it arises from the neglect of the department, and not from any omission upon the part of the relator.

We are of the opinion that under the evidence the relator made out a case excusing his absence from duty, and that he should not have been dismissed on that account. The proceedings of the commissioners are, therefore, reversed, with costs, and the relator reinstated.

FOLLETT and BARRETT, JJ., concurred.

Proceedings reversed, with costs, and relator reinstated.